NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRIS CONNOLLY, | No. 10-70757 |
| Petitioner - Appellant, | Tax Ct. No. 10487-08 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Chris Connolly, an attorney, appeals pro se from the Tax Court's order

granting the Commissioner of Internal Revenue's motion to dismiss Connolly's

petition contesting a notice of deficiency concerning income tax liabilities for tax

years 2004 and 2005.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review for an abuse of discretion a Tax Court's decision to deny a motion to continue, *Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 427 (9th Cir. 1996), and to dismiss a case for lack of prosecution, *Edelson v. Comm'r*, 829 F.2d 828, 831 (9th Cir. 1987). We affirm.

The Tax Court did not abuse its discretion in denying Connolly's untimely motion to continue because Connolly had ample opportunity to collect necessary documents, including receiving a prior continuance, and had been warned that she was required to be prepared at trial. *See Woods*, 78 F.3d at 427 (decision to deny a continuance will not be reversed except upon a showing of clear abuse); *see also* Tax Ct. R. 133 (continuance motions will be granted only in exceptional circumstances, and those filed within 30 days of trial are generally considered dilatory).

The Tax Court did not abuse its discretion in dismissing Connolly's petition for failure to prosecute because Connolly was unwilling to enter into a stipulation, to provide necessary documentation to the Commissioner or the court before or during trial, or to proceed with her case at trial. *See* Tax Ct. R. 123(b); *Edelson*, 829 F.2d at 831 (Tax Court did not abuse its discretion in dismissing taxpayers' petitions for failure to prosecute where taxpayers had, among other things, failed to produce records, to stipulate, and to appear for trial); *see also Noli v. Comm'r*, 860

F.2d 1521, 1527 (9th Cir. 1988) (a case may properly be dismissed for lack of prosecution although the petitioner has appeared).

Connolly's remaining contentions, including those concerning the statute of limitations, are unpersuasive.

**AFFIRMED.**